IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WHITNEY MCQUEEN and JENNY WESENBERG, Individually and as Heirs to the Estate of ALEC MCQUEEN, Deceased, | |
| Plaintiffs, | MEMORANDUM DECISION |
| vs. | AND ORDER |
| ARAMARK CORPORATION, a Delaware Corporation, and ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC, a Delaware limited liability company, | Case No.  2:15-CV-492-DAK |
| Defendants. | |

This matter is before the court on the Plaintiff's Motion to Amend Complaint. The motion has been fully briefed. The court concludes that a hearing would not significantly aid its determination of the motion. Accordingly, the court issues the following Memorandum Decision and Order based on the written submissions of the parties and the law and facts relevant to the pending motion.

BACKGROUND

Plaintiffs Whitney McQueen and Jenny Wesenberg are Utah residents and the surviving parents and heirs of Alec McQueen. Aramark Corporation and Aramark Sports and Entertainment Services, LLC ("Aramark S&E") are Delaware corporations doing regular business in Utah with their principal places of business in Pennsylvania.

On June 10, 2014, Alec McQueen jumped into the water at Bullfrog Marina in Lake Powell, received an electric shock, and eventually drowned. His friend and emergency

responders also received electric shocks when trying to rescue him. A later investigation determined that the electric shock came from an amperage outlet, maintained by Aramark S&E, through a boat, owned by Joshua Smith, and was discharged into the water around the boat. Plaintiffs allege that the outlet was neglected and not maintained.

On July 13, 2015, Plaintiffs filed a Complaint against Defendants for wrongful death arising out of negligent actions. The initial complaint had Aramark, Aramark S&E, and Joshua Smith as Defendants. Joshua Smith was dismissed as a party by a Court Order on September 23, 2015, which was submitted in response to a stipulated motion. The court issued a Scheduling Order on November 25, 2015, in which the court set the deadline of January 15, 2016, for any amended pleadings. Plaintiffs did not amend the Complaint before the deadline. On April 8, 2016, Plaintiffs filed a Motion to Amend Complaint in order to add two new parties and associated allegations to the Complaint.

## DISCUSSION

Plaintiffs move to amend the Complaint to include parties against whom Aramark S&E may seek to apportion fault. Specifically, Plaintiffs seek to add the National Park Service ("NPS"), who is involved in inspections multiple times a year of all marina facilities at issue in this case, and KAP Electric, Inc., who was involved with the installation, maintenance, or both of the shore power equipment at issue in this case. Aramark S&E opposes the motion because Aramark S&E argues that it is untimely, unduly prejudicial to Aramark S&E, and, as it relates to KAP Electric, fails to state a claim for relief that would survive a motion to dismiss.

Amendments to pleadings after the deadline for amending pleadings set in a scheduling order are governed by Federal Rules of Civil Procedure 15(a) and 16(b)(4). Rule 15(a) provides that, outside of amending as a matter of course, "a party may amend its pleading only with the

opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "The grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Bauer v. City & Cty. Of Denver*, No. 15-1275, 2016 WL 1019080, at *4 (10th Cir. Mar. 15, 2016) (unpublished)."Leave should be freely given, but a court may properly deny leave for various reasons, including undue delay or futility of amendment." *Id.* (internal quotation marks and citations omitted). "An amendment to a complaint is futile only if the plaintiff can prove no set of facts in support of his amendment that would entitle him to relief." *Home Design Servs., Inc. v. Bohnenkamp Const., Inc.*, No. 08-CV-02391-WDM-KMT, 2009 WL 2055176, at *1 (D. Colo. July 10, 2009); *see also Jefferson Cty. Sch. Dist No. R-1. v. Moody's Investor's Servs., Inc.*, 175 F.3d 848, 859 (10th Cir. 1999) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.").

Rule 16 provides that the schedule outlined in a court-issued scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)(4) requires a heightened standard in comparison to Rule 15(a)." *Roberts v. C.R. England, Inc.*, No. 2:12-CV-0302, 2013 WL 5275942, at *3 (D. Utah Sept. 18, 2013).

> To establish good cause under Rule 16(b)(4), the moving party must show that the amendment deadline could not have been met even if it had acted with due diligence. Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Furthermore, the lack of prejudice to the nonmovant does not show 'good cause.'

*Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. CIV.A. 09-2616-KHV, 2010 WL 4004874, at *3-4 (D. Kan. Oct. 12, 2010) (internal quotation marks and citations omitted).

Although the Tenth Circuit has not directly addressed the issue, *see Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009), most circuits hold that a party seeking to amend the pleadings after the deadline for amending pleadings in a scheduling order must satisfy the Rule 16 good-

cause requirement. *See, e.g.*, *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2005); *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437-438 (8th Cir. 1999); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). "[The Tenth Circuit] adopted a similar interpretation of Rule 16(b)'s 'good cause' requirement in the context of counterclaims asserted after the scheduling order deadline, *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1518-19 (10th Cir. 1990), but has not done so in the context of an amendment to the complaint." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n. 4 (10th Cir. 2006).

District courts in the Tenth Circuit have consistently applied a two-step analysis based on both Rule 16(b) and Rule 15(a) when deciding a motion to amend that is filed beyond the scheduling order deadline. *See, e.g.*, *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. CIV.A. 09-2626-KHV, 2010 WL 4004874, at *3-4 (D. Kan. Oct. 12, 2010); *Roberts v. C.R. England, Inc.*, No. 2:12-CV-0302, 2013 WL 5275942, at *2 (D. Utah Sept. 18, 2013). "Thus, when a motion to amend is filed beyond the scheduling order deadline, [the] Court will first determine whether the moving party has established 'good cause' within the meaning of Rule 16(b)(4) so as to justify allowing the untimely motion. Only after determining that good cause has been established will the Court proceed to determine if the more liberal Rule 15(a) standard for amendment has been satisfied." *Carefusion 213*, 2010 WL 4004874, at *3-4; *see also Roberts*, 2013 WL 5275942, at *2 ("Although there is a 'rough similarity' between the undue delay standard of Rule 15 and the good cause standard of Rule 16, they are distinct provisions under the Federal Rules and thus the Court finds the more reasoned approach is to consider the requirements of each rule separately in relation to Plaintiffs' motion.").

Starting with the good-cause standard under Rule 16, Aramark S&E argues that Plaintiffs were aware of NPS's involvement before the January 15, 2016, amendment deadline and that Plaintiffs have mischaracterized KAP Electric's role based on documents that were produced during discovery. Plaintiffs argue that the delay in bringing the motion to amend was caused by Aramark S&E's equivocation on apportionment of fault and that facts discovered after the deadline to amend indicate involvement by both NPS and KAP Electric in the electrical systems at issue. The parties disagree over whether Aramark equivocated about who it will apportion fault to, but the facts sufficiently show that Plaintiffs had reason to question whether Aramark was planning to apportion fault to NPS and KAP Electric and that Plaintiffs obtained information relevant to amending the complaint after the amendment deadline had passed. Although Aramark orally agreed not to apportion fault to NPS and did not apportion fault to NPS in its pleadings, Aramark also refused to formally stipulate that it would not apportion fault. In addition, Plaintiffs received information about the frequency of NPS's inspections of the dock at issue and about KAP Electric's electrical work at the marina after the amendment deadline. The additional facts increased the relevance of the parties to the issues in this case. Therefore, the court concludes that good cause exists to modify the court-issued scheduling order to allow Plaintiffs to amend their complaint.

In addition to good cause existing to modify the scheduling order, the court concludes that an amendment to add parties is proper under Rule 15(a). Aramark argues that allowing parties to be added will result in undue delay and that adding KAP Electric would be futile because Plaintiffs have not alleged that KAP Electric performed work on the shore power receptacle at issue in this case. The parties are still in discovery and motions to extend the discovery period are pending before the court. Although adding parties to a case may cause some

delay, the court concludes that the delay is not prejudicial in this case because discovery is ongoing and the parties are relevant. The court also concludes that the addition of KAP Electric is not futile because the court can reasonably infer that electrical work on the dock at issue in this case is related to an electrical current being discharged into the water even if the electrical work was not performed on the shore power receptacle at issue in this case.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Complaint is GRANTED.

DATED this 31st day of May, 2016.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge