IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WHITNEY MCQUEEN and JENNY WESENBERG, individually and as Heirs to the Estate of ALEC MCQUEEN, DECEASED,<br><br>Plaintiffs,<br><br>v.<br><br>ARAMARK CORPORATION, a Delaware corporation, and ARAMARK SPORTS AND ENTERTAINMENT SERVICES, LLC, a Delaware limited liability company,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br><br><br>Case No. 2:15-cv-492-DAK-PMW<br><br><br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Whitney McQueen, et al.'s (collectively, "Plaintiffs") motion to compel, asking the court to consider the following three items: (1) that Aramark Sports and Entertainment Services ("Defendant") be compelled to fully, fairly, and accurately answer Interrogatory No. 10; (2) that Defendant be prohibited from coaching witnesses to alter testimony during depositions; and (3) that Plaintiffs be awarded attorney fees and costs necessitated by this motion.[2] The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice

---

[1] *See* docket nos. 22 & 30.

[2] *See* docket no. 18.

for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

## Relevant Background

Defendant is a concessioner which operates and maintains the Bullfrog Marina ("Marina") at Lake Powell, Utah.  On June 10, 2014, Josh Smith ("Smith") docked his boat at the Marina and plugged his boat's 30 amp power cord into a 50 amp shore power receptacle that Defendant was responsible for maintaining.  Smith's misuse of the receptacle resulted in excess electricity being discharged into the water surrounding his boat.

Subsequent to Smith docking his boat at the Marina, and the boat beginning to discharge electricity into the surrounding water, Alec McQueen ("Alec") was a passenger on a boat which arrived at a location nearby where Smith's boat was docked.  Alec jumped into the water upon arriving at the dock and drowned.

Plaintiffs allege that the electricity discharging from Smith's boat at the time Alec jumped into the water electrified the water to the extent that it caused Alec to become unable to swim, resulting in his death.  Furthermore, Plaintiffs believe that Defendant's failure to repair, inspect, or maintain the power receptacle at the Marina caused Smith to take the action of plugging his 30 amp cord into the 50 amp power receptacle.  Plaintiffs therefore requested, through Interrogatory No. 10, that Defendant identify each employee of the Defendant "whose job included, in whole or in part, the installation, maintenance and inspection of the shore power receptacle and accompanying electrical lines/wires for the Bullfrog Marina."[3]

---

[3] Docket no. 18, Exhibit 1, at 2–3.

**Defendant's Response to Interrogatory No. 10**

In response to Interrogatory No. 10, Defendant submitted a list of 26 names to Plaintiffs.[4] Three of the 26 individuals named in Defendant's response to Interrogatory No. 10 were deposed; two of them offered no testimony that was responsive to Interrogatory No. 10, and the third could offer no testimony with regard to the topic of inspecting power receptacles at the Marina.[5] The information sought by Interrogatory No. 10 was whether the receptacle that Smith plugged his 30 amp power cord into had been properly maintained, and whether it had been inspected on a regular basis.

Rather than waste time and resources conducting depositions of the next 23 witnesses on the list provided by Defendant in search of those individual people that would be responsive to Interrogatory No. 10, Plaintiffs asked Defendant to supplement the initial response to Interrogatory No. 10, "fully, fairly, and accurately identifying those individuals who could offer testimony on the subject of the shore power receptacles."[6] Defendant contends that its response was "full and fair," but that it nonetheless had agreed to clarify its response to Interrogatory No. 10 prior to Plaintiffs filing this motion to compel, but that it did not supplement its response to Interrogatory No. 10 because it had to take time responding to the current motion by Plaintiffs.[7]

---

[4] Docket no. 18 at 4.

[5] *See* Docket nos. 18 & 23.

[6] Docket no. 18 at 6.

[7] Docket no. 23 at 6–7.

Defendant then supplemented its response to Interrogatory No. 10 but did not provide any more clarity concerning which of its employees would have the information sought by Plaintiffs.[8]

Defendant's attempt to equate the "dock-walks" referred to by Uwe J. Klindt ("Klindt") in his deposition[9] with an inspection of the type requested by Plaintiffs is unpersuasive. By Defendant's own admission, dock walks did not include opening up the shore power pedestals to look at (*i.e.*, inspect) the outlets (*i.e.*, receptacles) inside of the pedestals, which is the information that Plaintiffs sought, and still seek, to discover.[10]

Defendant demonstrates a seeming propensity to avoid addressing the substance of issues that require attention, and instead has made efforts to delay discovery in this matter. Defendant has even taken time to bring irrelevant issues to the attention of the court; Defendant spent a sizable portion of the instant motion explaining to the court why Alec was at fault for the incident that resulted in his death, rather than simply giving the minimal background information necessary for the court to understand Defendant's arguments. At this stage of the proceeding, attempting to explain to the court why it believes that Alec was at fault is irrelevant.

Plaintiffs are entitled to a full, written response to Interrogatory No. 10. *See* Fed. R. Civ. P. 33(b)(3). As such, Defendant is ordered to supplement its answer to Interrogatory No. 10 and provide a concise list of those employees or individuals that installed, maintained, or inspected shore power receptacles prior to June 10, 2014. Defendant must supplement its answer within fourteen (14) days of the date of this order.

---

[8] *See* Docket no. 25

[9] Docket no. 23, Exhibit 1, at 5.

[10] *Id.*; *see* Docket no. 18.

**Defendant's Alleged "Witness Coaching"**

Plaintiffs contend that attorneys may not object to the questioning of a witness during a deposition in a manner that is argumentative, or in any way or suggests how the witness should respond to a question that is being asked.  *See* Fed. R. Civ. P. 30(c)(2).  Here, rather than suggesting how the witness should respond to questioning through a suggestive *objection*, Plaintiffs argue that Defendant simply showed the witness Defendant's answer to Interrogatory No. 4, (not written by the witness) and had the witness adopt the contents of that answer, which conflicted with his previous testimony.[11]

Defendant correctly observes that there were no "improper speaking objections made to coach" the witness, and that a witness may have their recollection refreshed by showing the witness a document and asking questions to follow up once the witness has refreshed their recollection.[12]  *See* Fed R. Evid. 612.  But upon having their recollection refreshed, the witness must testify as to the contents of the writing, not simply adopt its contents without further testimony.  *See id*. (stating that a writing may be introduced into evidence, so long as it is related to the witness's *testimony*) (emphasis added).

Preparing a witness to testify is perfectly acceptable.  Indeed, it would be irresponsible for an attorney to allow a witness to testify without engaging in at least some preparation prior to the witness testifying.  Therefore, what took place outside of Klindt's deposition—during a break or otherwise—is of no moment to the court.  Here, however, Klindt did not testify directly as to the contents of a document after his recollection had been refreshed, or after privately meeting

---

[11] *See* Docket No. 18, Exhibit 4.

[12] Docket No. 23 at 7–8.

with counsel; Klindt simply responded to the questions he was asked by Defendant about the contents of a document he was shown in a manner that did not require him to recall anything.[13] Asking a witness whether he "agrees with" or "disagree[s] with" the contents of a document not written by the witness, while showing the document to the witness, as was done by Defendant during Klindt's deposition, is insufficient to refresh a witness' recollection nor does it constitute a witness' testimony.[14] Thus, this court concludes that Defendant's counsel's method of questioning Klindt during Klindt's deposition was improper as it was nothing more than an improper attempt by counsel to walk back Klindt's prior testimony that was unfavorable to Defendant.

## **Attorney Fees**

Plaintiffs argue that Defendant's failure to provide a concise response to Interrogatory No. 10 and its attempt to alter the testimony of a witness has impeded, delayed and frustrated the discovery process. Plaintiff seeks an award of attorney fees as a sanction for Defendant's conduct that necessitated the filing of this motion. A "court may impose an appropriate sanction—including reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent." Fed. R. Civ. P. 30(d)(2). In addition, Rule 37 provides that if a motion seeking discovery "is granted . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's

---

[13] *See* Docket No. 18, Exhibit 4.

[14] *Id*. at 27–28.

reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

This court concludes that Defendant's answer (and supplemental answer) to Plaintiffs' Interrogatory No. 10 was not "substantially justified" and counsel's attempt to refresh Klindt's memory was improper, both necessitating court involvement in this matter. As such, Plaintiffs' motion to compel, and its request for reasonable attorney fees, is **GRANTED**. Within fourteen (14) days of the date of this order, Plaintiffs shall submit a cost memorandum detailing the fees incurred in bringing this motion. Upon the filing of Plaintiffs' cost memorandum, Defendants may file a response to it within seven (7) days. Based on the parties' submissions, the court will then determine an appropriate and reasonable sanction award.

**IT IS SO ORDERED**.

DATED this 9th day of September, 2016.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge